**RUSS, AUGUST & KABAT**
Stephen Lobbin, State Bar No. 181195
E-mail:  slobbin@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: 310.826.7474
Facsimile:  310.826.6991

Attorneys for Plaintiff
**Patent Category Corporation**

James B. Hicks (SBN 109117)
Lan P. Vu (SBN 232798)
**HICKS | PARK LLP**
824 Wilshire Boulevard, Suite 300
Los Angeles, California 90017
Telephone: (213) 612-0007; Fax: (213) 612-0373
jhicks@hicksparklaw.com / lvu@hicksparklaw.com

Attorneys for Defendants and Counterclaimants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PATENT CATEGORY CORPORATION,<br><br>        Plaintiff,<br>vs.<br>TIME TO PLAY CORP. LTD.,<br>a Hong Kong corporation, et al.,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. CV 07-6479 ABC (SSx)<br><br>**STIPULATION AND [~~PROPOSED~~]**<br>**PROTECTIVE ORDER**<br><br>Honorable Audrey B. Collins |

1

STIPULATION & [~~PROPOSED~~] PROTECTIVE ORDER

## I. GOOD CAUSE STATEMENT

Based on a preliminary review of initial sets of relevant documents, the parties recognize that discovery in this action necessarily will involve the production of documents and material considered to be confidential, sensitive and/or proprietary, and which in fact qualifies under Fed. R. Civ. P. 26(c)(1)(G) as "a trade secret or other confidential research, development, or commercial information" (where "trade secret" meets the definition provided in Cal. Civil Code § 3426.1(d)). The following procedures shall be followed by the parties to facilitate the orderly, efficient and expeditious discovery of documents reasonably believed to contain confidential, proprietary or private information while minimizing the potential for unauthorized disclosure of such documents or information.

In particular, this Protective Order is being requested to protect sensitive trade secret, business and private information of the parties. The disclosure of this information would cause significant harm to the financial and competitive position of each party. For example, the information that the parties anticipate will be produced includes costs and revenues from the children's play tent products at issue, which information could be used by competitors to gain an advantage.

THEREFORE, the parties have stipulated to the entry of the following order.

1. <u>Framework and Scope of Order</u>.

   (a) This order governs all discovery in this action, court filings, and all material which a producing party has designated as confidential in this action;

   (b) All material produced during discovery in this action, whether in documents, depositions, or otherwise, will be used solely for the purposes of this action and not for any other purpose, including any business purpose, and will not be used or disclosed outside the context of this action, with the exception that the parties may use material produced during discovery in this action in the co-pending

and related action *Playhut, Inc. v. McMillin et al.*, Case No. BC 378625 (California Superior Court), so as to minimize or eliminate duplicative discovery;

        (c)    Any person receiving confidential material shall not disclose that material to any person, except a person authorized to receive the material pursuant to this order, and shall make such disclosure only in strict compliance with this order;

        (d)    Any person providing its confidential material retains the right to disclose the material by waiving the restrictions in this order for a particular purpose or use; and

        (e)    The use of any confidential material for the purpose of any hearing or trial which is open to the public is not addressed in this order, and will be the subject of future agreement or Court order as the need may arise and the Court may decide. The parties acknowledge that unless the Court orders otherwise for good cause shown in advance of the commencement of trial, all material designated as confidential pursuant to this Protective Order become public once the case proceeds to trial.

    2.    <u>Definition of Confidential Material</u>. This Protective Order shall govern, and shall be applied on a narrowly-tailored basis to protect, only documents, materials, items or information that materially consist of information that is entitled to confidential treatment under existing California law (hereinafter "confidential material"), such as trade secrets defined by California Civil Code § 3426.1(d), financial information, personal information implicated or otherwise protected by article I, section 1 of the California Constitution, or information submitted to a governmental office but subject to a public policy of confidentiality. For the purpose of this order, "confidential material" means any information of any kind which is designated as confidential in the manner specified in this order by the party supplying the information, and all copies of such designated material.

**STIPULATION & [PROPOSED] PROTECTIVE ORDER**

Confidential material may be contained in documents produced, testimony in depositions, exhibits, interrogatory answers, responses to requests for admissions, on, briefs, or otherwise. Confidential material under this order consists of two categories, "Confidential Information" and "Attorneys Only Information." The parties shall use the "Attorneys Only Information" designation as sparingly as possible. Any materials that reproduce, paraphrase, summarize, or otherwise contain confidential material also are confidential in the same category as the original material.

3.   <u>Authorized Persons</u>.  Except for the rights retained in Paragraph 1(d) above, access to Confidential Information is restricted to the following authorized persons, and access to Attorneys Only Information is restricted to the persons described in this Paragraph 3, subdivisions 3(a) and 3(c)-(f), inclusive:

(a)   Attorneys of record (including attorneys designated in pleadings as "of counsel") in this lawsuit and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b)   The individual parties and as to corporate parties, up to two (2) managing agents who are involved in this lawsuit;

(c)   Independent persons retained by a party or its attorneys of record in this action to assist in the preparation of this action for trial (such as independent experts, economists, accountants, expert witnesses and other consultants, and the necessarily involved employees of such persons);

(d)   This Court and its employees;

(e)   Court reporters transcribing testimony taken in this action and notarizing officers; and

(f)   As to any document containing confidential material, the person who generated the material or authored the document or was an addressee of the document is an authorized person which respect to that document in the context of deposition testimony or interrogatories addressed to that party.

4

**STIPULATION & [~~PROPOSED~~] PROTECTIVE ORDER**

4. <u>Designating Confidential Material</u>.  Each document which contains confidential material in the "Attorneys Only Information" category shall be prominently marked with the designation "Attorneys Only Information" or a similar designation.  All other documents containing confidential material shall be marked prominently "Confidential Information" or "Confidential."  The markings apply to documents produced, exhibits, discovery requests and responses, motion papers, and all other documents that reproduce, paraphrase, summarize, or otherwise contain confidential material.

5. <u>Depositions</u>.  Counsel for any party or for a witness may orally on the record designate specific deposition testimony or exhibits as confidential material during the course of a deposition, by instructing the court reporter to separately bind and label the confidential material.  Any deposition exhibit or testimony portion so designated shall not be filed with the court except in accordance with Paragraph 6 of this order.

6. <u>Filing Confidential Material with the Court</u>.  Any party seeking to file documents under seal with the court shall comply with the provisions of Local Rule (C.D. Cal.) 79-5.1.

7. <u>Authorized Person Acknowledgment</u>.  Before disclosing confidential material to any authorized person, except to an attorney of record, this Court and it's employees, or the Court reporters transcribing testimony taken in this action and notarizing officers, counsel for the party making such disclosure shall provide each such person with a copy of this order, shall advise each such person not to disclose any Attorneys Only Information or Confidential Information to any other person, and shall advise each such person and that violation of this protective order will subject such person to the sanctions of this court, and each such person shall agree in writing to comply with the terms of this order in the form of Exhibit A to this order.  For example, a court reporter must sign such an acknowledgment before

1  taking a deposition. The original acknowledgments shall be maintained by the
2  attorney for the party who designated such person. This order shall bind all parties
3  whether or not an agreement in writing is obtained.
4      8.   Discovery from Third Parties. When documents, testimony, or other
5  material is sought in discovery in this action from a person (including any business
6  entity) who is not a party, any party who has a claim of confidentiality may
7  designate certain documents or a category of documents, and certain testimony, as
8  Attorneys Only Information or Confidential Information under this order, and the
9  person from whom discovery is sought may similarly make such a designation.
10 Documents and material so designated shall be treated under the provisions of this
11 order. Any and all documents produced in response to a third-party or non-party
12 subpoena issued by one party shall be provided to the other party for review and
13 designation of either "Confidential Information" or "Attorneys Only Information."
14     9.   Protection of Confidential Material. No copies of any confidential
15 material shall be made except to the extent necessary for this lawsuit. All copies of
16 confidential material shall be kept in secure areas at the offices of outside counsel or
17 persons of the kind described in Paragraph 3 or in the personal custody and control
18 of such persons. The Court, its employees and the Court reporters transcribing
19 testimony taken in this action and notarizing officers shall handle confidential
20 materials pursuant to the provisions of Local Rule 79-5, *et seq.*
21     10.  Customer Contact. The identity and contact information of the
22 customers of the parties to this action are and shall remain confidential. No party
23 shall initiate contact with the customers of any other party in reliance on any
24 identification or contact information produced in this action, except for the narrow
25 purposes of this litigation or service of process.
26     11.  Client Consultation. Nothing in this Agreement shall prevent or
27 otherwise restrict counsel from rendering advice to their clients and, in the course
28 thereof, relying generally on examination of stamped confidential documents;
   provided, however, that in rendering such advice and, otherwise communicating

with such client, counsel shall not make specific disclosure of any item so designated unless permitted hereunder, agreed upon by the parties or authorized by the Court.

12. <u>Challenging a Designation</u>. Any party may challenge at any time the propriety of a designation of material as Attorneys Only Information or Confidential Information. Before such a challenge is made, the parties shall attempt to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved on an informal basis, any challenge to the propriety of a designation shall be made pursuant to the provisions of Local Rule 37. In making or opposing any motion relating to the designation of confidential material, the party seeking to maintain information as confidential shall bear the burden of showing that specific prejudice or harm will result if no protective order is granted.

13. <u>No Admission</u>. The designation by a disclosing party of material as Attorneys Only Information or Confidential Information is intended solely to facilitate the preparation and trial of this action. Such designation is not an admission by any party that the designated disclosure constitutes or contains any confidential material. Disclosure of confidential material is not a waiver of any right of the producing party to object to admissibility.

14. <u>Conclusion of Action</u>. Upon the final determination of this action, all documents, transcripts of testimony, discovery responses, and other papers subject to the provisions of this order which the Court deemed confidential material for good cause prior to the commencement of trial, shall be delivered by counsel for the receiving party to counsel for the producing party or it shall be destroyed, and if the latter, counsel for the receiving party shall certify in writing to the producing party that all such documents have been destroyed. All copies of summaries, memoranda and notes reflecting the contents or substance of such documents shall either be delivered or destroyed as described above. The provisions of this or any other order

entered in his action restricting the disclosure or use of confidential material shall continue to be binding at the conclusion of this action.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: May 16, 2008

**RUSS, AUGUST & KABAT**

By: /s/ Stephen M. Lobbin
    Attorneys for Plaintiff

Dated: May 16, 2008

**HICKS|PARK LLP**

By: /s/ James B. Hicks
    Attorneys for Defendants

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: May 19, 2008

_____
United States ~~District~~/Magistrate Judge

8

**STIPULATION & [~~PROPOSED~~] PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he/she has read the attached Protective Order entered in the United States District Court, Central District of California, in the action entitled ***Patent Category Corporation v. Time to Play Corporation Ltd., et al.,*** Case No. CV 07-6479 ABC (SSx), understands the terms thereof, and agrees to be bound by such terms.

Dated: _____

Signature: _____

Type or print name of
individual: _____

# CERTIFICATE OF SERVICE

Pursuant to Local Rules (C.D. Cal.) 5-3 and 5-4, I hereby certify that on May 16, 2008, a true and correct copy of the following document—**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**—was filed electronically via the Court's Electronic Case Filing System (ECF). Notice of the filing will be sent to all counsel of record (including the following), and the parties may also access it via ECF.

James B. Hicks
**Hicks|Park LLP**
824 Wilshire Boulevard, Suite 300
Los Angeles, CA  90017

/s/ Stephen M. Lobbin